IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORDERO AVERY GOODWIN,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | |
| **DAVID KOPE,** | : | NO. 13-1290 |
| *Defendant.* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                          JUNE 1, 2016

Mr. Goodwin is currently incarcerated at the Pennsylvania State Correctional Institution in Graterford, Pennsylvania. He alleges that, while housed at the Berks County jail in March 2011, he was subject to the use of excessive force by Defendant David Kope, a corrections officer at the jail. Mr. Goodwin asserts that on March 7, 2011, Mr. Kope applied excessive force by shoving him, causing him to hit his head, and injuring his wrist.[1] For the following reasons the Court will grant Mr. Kope's motion for summary judgment and dismiss the remaining claims.

### I.  BACKGROUND

Currently before the Court is the defendant's motion for summary judgment. The procedural history of the motion, however, bears some explanation. Jury selection was initially scheduled to commence on February 4, 2015. Doc. No. 31. Before trial began, however, the parties raised the issue of whether the plaintiff had exhausted his administrative remedies under

---

[1] In his Amended Complaint, Mr. Goodwin also alleged a Section 1983 claim against Berks County Warden George Wagner related to the food Mr. Goodwin was served while incarcerated in the jail. *See* Doc. No. 15. This claim against Mr. Wagner was dismissed by stipulation on September 19, 2014. *See* Doc. No. 23. Consequently, all that remains is the claim against Mr. Kope.

the jail's grievance procedure, as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e (West), and if not, whether the defendant had waived this affirmative defense. On May 11, 2015, the Court ordered that it would consider summary judgment on the exhaustion issue. *See* Doc. No. 37.  A memorandum of law in support of a motion for summary judgment was filed on behalf of Mr. Kope on June 12, 2016. *See* Doc. No. 38.  Mr. Goodwin was ordered to respond to the motion by July 20, 2015. *See* Doc. No. 39.  By October 1, 2015, no response to the motion had been received and the Court again ordered Mr. Kope to respond to the motion, this time by October 21, 2015. *See* Doc. No. 42.  To date, some seven and a half months later, no response from the plaintiff has been filed.

## II. DISCUSSION

The defendant's motion for summary judgment only raises the issue of the plaintiff's exhaustion of his administrative remedies.  He argues that Mr. Goodwin's failure to raise his allegation of excessive force through the prison grievance system necessitates dismissing the case.

Section 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e (a); *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."); *Booth v. Churner*, 206 F.3d 289, 293 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85; *accord Stewart v. Kelchner*, 358 F. App'x 291, 296 (3d Cir. 2009).

Before turning to the merits, however, the Court must first determine whether it is appropriate to decide the motion for summary judgment in light of the plaintiff's failure to respond. Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1(c) directs a party opposing a motion to serve a brief in opposition, together with such answer or other response which may be appropriate, within 14 days after service of the motion, or as directed by the Court. "In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56." Local R. Civ. P. 7.1(c). "Under Federal Rule of Civil Procedure 56, the court may not enter summary judgment on the basis of the defendant's failure to respond without determining that judgment for the plaintiff is appropriate." *J & J Sports Prods., Inc. v. Cruz*, No. 14-2496, 2015 WL 2376290, at *3 (E.D. Pa. May 18, 2015) (citing Fed. R. Civ. P. 56(e)(3); *see Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990)). "Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must review the entire record and draw all reasonable inferences in favor of the nonmoving party to determine whether there exists a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986) ( "[A]ll that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."); *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). "If a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion." *Payne v. City of Philadelphia*, No. 14-6508, 2016 WL 1298951, at *2 (E.D. Pa. Apr. 4, 2016) (citing Fed. R. Civ. P. 56(e)(2)); *see also Doe v. Abington*

*Friends School.*, 480 F.3d 252, 256 (3d Cir. 2007) ("The non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact.")

The defendant attached to his memorandum of law an affidavit sworn to by Lt. Miguel A. Castro, a corrections officer at the Berks County jail, along with eight exhibits. *See* Doc. No. 38. Lt. Miguel's affidavit indicates that one of his responsibilities is to oversee and log all inmate grievances during their incarceration and, as such, he is quite familiar with the grievance process generally. Affidavit of Lt. Miguel Castro, sworn to June 12, 2015 ("Castro Aff.") at ¶¶ 2, 3. He also states that he reviewed the grievances and inmate communication forms received from Mr. Goodwin during his two separate incarcerations at the jail. Castro Aff. at ¶ 16. To date, the contents of this affidavit and the attached exhibits have not been contested by the plaintiff. As noted above, in the nearly twelve months since the motion was filed, the plaintiff has twice been ordered to respond but nevertheless has failed to provide any responsive briefing or additional record evidence whatsoever. Consequently, as Mr. Goodwin has neither contested the defendant's evidence nor provided his own, for purposes of deciding the defendant's motion for summary judgment, the Court will consider the affidavit of Lt. Castro and exhibits attached thereto.

Based upon the facts outlined in the defendant's memorandum of law, and supported by the affidavit and exhibits, the defendant is entitled to summary judgment as a matter of law on the plaintiff's remaining claims. As outlined in the defendant's briefing, Mr. Goodwin has failed to satisfy his exhaustion obligation under the PLRA. Mr. Kope has presented evidence showing that, at the time of the alleged altercation, the Berks County jail had an inmate communication and grievance procedure in place. Castro Aff. at ¶ 4. The grievance procedure at the jail

provided that an inmate submit a written grievance within 30 days after the occurrence of the potentially grievable event. Castro Aff. at ¶ 7. This procedure was communicated to Mr. Goodwin upon his arrival at the jail, Castro Aff. ¶¶ 4, 20, and Mr. Goodwin, on several occasions filed grievances, thereby indicating his understanding of the jail's procedures, *see* Castro Aff. ¶ 32. Lt. Castro, however, stated that he reviewed Mr. Goodwin's grievance log for his time at the Berks County jail, but found no grievance challenging Mr. Kope's alleged conduct on March 7, 2011. *See* Castro Aff. at ¶ 17.

Therefore, as the record supports the conclusion that no grievance was filed challenging the conduct at issue in the case, the Court finds that the plaintiff has failed to comply with the Berks County jail grievance procedure and, consequently, is barred under the PLRA from filing this claim. *Booth*, 206 F.3d at 300; *see Simmons v. Szelewski*, No. 15-4104, 2016 WL 861068, at *3 (3d Cir. Mar. 7, 2016) ("[T]his Court has frequently observed that a plaintiff must follow each of these steps to exhaust his administrative remedies under the PLRA.")

### III. CONCLUSION

For the reasons outlined above, the Court will grant the defendant's motion for summary judgment and dismiss the remaining claims. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE